TIMOTHY D. AND ALICE E. FRIEDBERG, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Friedberg v. Commissioner
Docket No. 23331-90
United States Tax Court
T.C. Memo 1991-533; 1991 Tax Ct. Memo LEXIS 582; 62 T.C.M. (CCH) 1085; T.C.M. (RIA) 91533; October 28, 1991, Filed *582 Decision will be entered under Rule 155. Timothy D. Friedberg, pro se. John J. Boyle, for the respondent. PATE, Special Trial Judge. PATE
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
In a notice of deficiency, respondent determined that petitioners were liable for a deficiency in their 1987 Federal income taxes of $ 9,444, additions to tax for negligence under section 6653(a)(1)(A) of $ 472, and section 6653(a)(1)(B) of 50-percent of the interest due. At trial, the parties agreed that petitioners are liable for the additional income tax, but also agreed that they overpaid that tax by $ 12,022. Because of such overpayment, no interest is due and, therefore, the addition to tax for negligence under section 6653(a)(1)(B) is zero. Consequently, the only *583 issue for our decision is whether petitioners are liable for the addition to tax for negligence under section 6653(a)(1)(A). During 1987 and later years, Timothy D. Friedberg (hereinafter petitioner) was employed as an accountant by Swad Chevrolet in Columbus, Ohio. Alice E. Friedberg (hereinafter Mrs. Friedberg) was employed by the State of Ohio as an office manager. In the beginning of 1988, Swad Chevrolet was undergoing an Internal Revenue Service audit and petitioner was responsible for retrieving, for submission to the government, business records in response to summonses and subpoenas served on his employer. Petitioner has a history of health problems. In 1985, he was diagnosed as having diabetes and, since 1988, has been treated for high blood pressure. In addition, he was exceedingly overweight. Despite these adverse health conditions, petitioner worked long hours on his job. Petitioners obtained an extension of time (to August 15, 1988) to file their 1987 income tax return. However, they did not actually file it until January 11, 1990. On that return, they reported wages of $ 62,143, and a total income tax of $ 9,442. They claimed credits for income tax withheld *584 of $ 10,527 and carried over credits from their 1985 and 1986 returns of $ 10,939, for total credits of $ 21,466. These credits resulted in petitioners' claiming an overpayment of $ 12,024. On July 19, 1990, respondent issued a notice of deficiency to petitioners in which he determined that petitioners' correct income tax was $ 9,444, thereby reducing the overpayment to $ 12,022. In addition, respondent determined that petitioners were negligent and, therefore, subject to the additions to tax under section 6653(a). Petitioners maintain that they were not negligent because (1) at all times relevant to this case they had overpaid their 1987 income tax, and (2) petitioner's long work hours and poor health constituted reasonable cause for the delay in filing their 1987 income tax return. Section 6653(a)(1) [2] provides that, if any portion of an underpayment of tax is due to negligence or intentional disregard of rules or regulations, an amount equal to 5-percent of the underpayment is added to the tax. Negligence has been defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. , *585 affg. ; . Because an addition to tax under section 6653(a) is presumptively correct, the taxpayer bears the burden of establishing that he was reasonable and prudent in filing his return. ; . The addition to tax provided for by section 6653(a)(1)(A) is imposed on the amount of the "underpayment." Section 6653(c) defines "underpayment" as a "deficiency." The term "deficiency" is defined in section 6211 as "the amount by which *586 the tax imposed * * * exceeds * * * the amount shown as the tax by the taxpayer upon his return." However, in determining the amount of the "underpayment," section 6653(c) prescribes that the tax shown on the taxpayer's return shall be taken into account only if such return was filed on or before the last day prescribed for filing, taking into account extensions of time for filing. Therefore, when a delinquent return is filed, the entire amount of tax is considered an "underpayment" regardless of the amount of tax reported on the untimely return or the amount of tax actually owed. Sec. 6653(a) and (c); sec. 6211(a) and (b)(1); , affd. . Petitioners obtained an extension of time for filing their 1987 income tax return which extended their deadline to August 15, 1988. However, they did not file their 1987 income tax return until the beginning of 1990. Because taxpayers have a statutory duty to timely file income tax returns and, ordinarily, a reasonable and prudent person would comply with the prescribed deadline, the breach of this duty is evidence of negligence. . *587 Moreover, both sections 6651(a) and 6653(a) may be imposed where an income tax return is filed late. , affd. . Petitioners argue, however, that they could not file earlier because petitioner was suffering from poor health. We note, however, that petitioner's health did not prevent him from working long hours for his employer. We conclude, therefore, that his health problems were not the cause of his failure to timely file. Further, during this time period, Mrs. Friedberg could have timely prepared their 1987 return, as she was employed full-time as an office manager and apparently was in good health. If she did not wish to personally prepare the return, she had adequate time to engage the services of a tax preparer to assist her. Petitioners also argue that, because at all times relevant to this case the Government already had been paid all the tax that was due, they should not be liable for this addition to tax. However, as explained earlier, the "underpayment" on which an addition to tax under section 6653(a)(1)(A) is computed is not the unpaid *588 amount of tax, but rather the "deficiency" without taking into account the amount of tax reported on untimely filed returns. Therefore, full payment does not reduce the amount due under section 6653(a)(1)(A). . Finally, petitioner argues that he was unable to timely file his return because he was extremely busy complying with the demands of the Internal Revenue Service in its audit of his employer. Although this may have been true in the beginning of 1988, we find nothing in the record to indicate that the audit lasted until 1990. Moreover, although it is evident that petitioner was a busy person, it is also evident that he gave other activities priority over his duty to file an income tax return. Being busy with employment and other activities simply is not reasonable cause for failure to timely file a return. Accordingly, we hold that petitioners are liable for the addition to tax for negligence provided for by section 6653(a)(1)(A). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The additions to tax for negligence (sec. 6653(a)), valuation overstatements (sec. 6659), and substantial understatement of tax liability (sec. 6661), were repealed for income tax returns due to be filed after December 31, 1989, and were replaced with an accuracy related penalty under sec. 6662. Sec. 7721(c) of Pub. L. 101-239, 103 Stat. 2106, and 2399.↩